**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ANDREW I. BOAZ,

    Petitioner,

v.                                                      Case No. 3:11-cv-542-J-32JBT

SEC'Y, FLA. DEP'T OF CORR., et al.,

    Respondents.

## ORDER

Petitioner initiated this action by filing a pro se Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 24, 2011.[1] Petitioner challenges a January 30, 2003 state court (Duval County) judgment of conviction for first degree murder and armed robbery, for which he is serving a life sentence. Petitioner raises the following grounds: (1) the trial court erred in denying Petitioner's motion to suppress; (2) trial counsel was ineffective for failing to present exculpatory evidence and evidence of a recanted statement from a government witness; (3) counsel was ineffective for advising Petitioner to testify at trial; (4) counsel was ineffective for failing to object to the introduction of Williams[2] rule evidence; (5) Petitioner was denied due process of law due to a fundamentally flawed jury

---

[1] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the he date signed it and presumably handed it to prison authorities for mailing to this Court (May 24, 2011). See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] In Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847 (1959), the court held that evidence of another crime is admissible when relevant to prove a material issue, unless it is relevant only to show bad character or propensity.

instruction on manslaughter; and (6) the First District Court of Appeal exceeded its jurisdiction in denying Petitioner's state habeas petition.

Respondents contend that the Petition must be dismissed as untimely. See Motion to Dismiss Habeas Petition as Untimely (Doc. #8). The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

28 U.S.C. § 2244(d).  The Court is to apply the one-year AEDPA time limitation on a claim by claim basis.  See Zack v. Taylor, 704 F.3d 917, 922 (11th Cir. 2013), cert. denied, 134 S.Ct. 156 (2013).

On February 25, 2004, Petitioner's judgment of conviction was affirmed on direct appeal.  See Ex.[3] K.  Thus, his conviction became final on May 26, 2004 (ninety days after entry of the judgment).  See Supreme Court Rule 13.3;[4] Clay v. United States, 537 U.S. 522 (2003).  Therefore, Petitioner's one-year limitation period began to run on May 26, 2004, and expired one year later on May 26, 2005, because he had no actions pending in state court that would serve to toll the limitation period.  See 28 U.S.C. § 2244(d)(1)(A), (d)(2); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting that "the limitations period expires on the anniversary of the date it began to run").

On February 8, 2006, 624 days after his conviction became final, Petitioner handed a motion for post-conviction relief to prison authorities for mailing to the trial court.  See Ex. M at 1.  Even assuming that the motion was properly filed, it did not toll the federal one-year limitation period because it had already expired.  See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period); Webster v. Moore, 199 F.3d

---

[3] The Court hereinafter refers to the exhibits appended to the Table of Exhibits (Doc. #9) as "Ex."

[4] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, this action was not timely filed.

Petitioner appears to argue that the holding in Montgomery v. State, 39 So. 3d 252, 257-58 (Fla. 2010) (holding that the improper use of a standard jury instruction on manslaughter by act, which erroneously required the defendant's jury to find that he intended to kill the victim, constituted fundamental error in a first-degree murder prosecution where the defendant was convicted of second-degree murder as a lesser-included offense), which is the basis for his claims in grounds five and six, is newly discovered evidence that warrants review of these grounds. See Petitioner's Reply to Respondents' Motion to Dismiss (Doc. #10). The Court finds this argument unavailing.[5]

> It is evident the decisional law on which [Petitioner] relies, as review of the federal petition bears out, is state-based. . . . He does not allege such decisions implicate a constitutional right made retroactively applicable to cases on collateral review by the United States Supreme Court, and a subsequent state decision does not comprise a fact for purposes of § 2244(d)(1)(D). "If a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless." Shannon v. Newland, 410 F.3d 1083, 1088 (9th Cir. 2005), cert. denied, 546 U.S. 1171, 126 S.Ct. 1333, 164 L.Ed.2d 49 (2006); cf. Johnson v. United States, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) (holding that a

---

[5] In any event, the Montgomery decision does not provide a basis for relief for Petitioner. See Motion to Dismiss Habeas Petition as Untimely (Doc. #8) at 9.

> state-court order vacating a petitioner's own state conviction does qualify as a "fact" for purposes of the counterpart of § 2244(d)(1)(D) contained in § 2255). In [Petitioner's] case, the state district court did not vacate his conviction, and the state holding[] on which [Petitioner] relies do[es] not constitute the "factual predicate" for his claim. To hold otherwise "would create a large loophole in AEDPA's scheme to promote finality." Shannon, 410 F.3d at 1089.

Wilson v. Sec'y, Dep't of Corr., No. 8:07-cv-1579-T-17EAJ, 2008 WL 2131610, at *3 (M.D. Fla. May 21, 2008).

Petitioner also appears to argue that he has raised issues of fundamental error which should excuse his untimely filing in this Court. However,

> there is no "fundamental error" exception to AEDPA's limitation period. 28 U.S.C. § 2244(d)'s one-year limitation provision "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Moreover, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.2d at 892. A petitioner in a collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-37 (2006); see also Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup, 513 U.S. at 327-28). In

5

> this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. Id[.]; Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). . . .

Wright v. Florida, No. 8:06-cv-1704-T-27EAJ, 2008 WL 1986184, at *5 (M.D. Fla. May 6, 2008).  Here, Petitioner fails to demonstrate he is entitled to equitable tolling or that he has new evidence establishing his actual innocence.[6]

In sum, Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him.  Accordingly, this case will be dismissed with prejudice as untimely.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition (Doc. #1) is **DISMISSED** with prejudice.

2.      The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3.      If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[7]  Because this Court has determined that a certificate of appealability is not

---

[6] The recantation evidence of which Petitioner speaks was put before the state post-conviction court, which rejected it as inconsistent with Petitioner's own trial testimony. See Ex. N at 2-3.

[7] If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted.  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004)

warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

    4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of July, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 5/19
c:
Andrew I. Boaz
Counsel of Record

---

(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Here, after consideration of the record as a whole, this Court will deny a certificate of appealability.